UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAPHNE ANN DAVIS,

    Plaintiff,

v.                                          Case No:   6:19-cv-1082-Orl-18GJK

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 26). Plaintiff requests an award of fees in the amount of $5,500.00 calculated at the rate of $205.64 per hour for work performed in 2019 and 2020 and costs of $150.00 (Id., at 2, 4; Doc. 26-1 at 2). The motion includes a statement of Plaintiff's attorney's billable hours, including a detailed timesheet (Doc. 26-1). Defendant has no objection to the requested relief (Doc. 26 at 3).

On December 26, 2019, the Court entered its Opinion and Order reversing the Commissioner's decision and remanding this case for further proceedings pursuant to 42 U.S.C. § 405(g) (Doc. 24). The Clerk of Court entered judgment for Plaintiff on December 27, 2019 (Doc. 25). Plaintiff timely filed her application for attorney's fees on March 25, 2020 (Doc. 26).

Under the Equal Access to Justice Act ("EAJA"), a claimant is eligible for an attorney fee award where: (1) she is the prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of

less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

Plaintiff alleges that she is the prevailing party, that the Commissioner's position in the underlying action was not substantially justified, and that her net worth at the time this case was filed was less than two million dollars (Doc. 26 at 1). The Commissioner does not dispute these claims. Accordingly, I respectfully recommend that the district judge **GRANT IN PART** Plaintiff's unopposed motion for attorney's fees (Doc. 26) and award Plaintiff EAJA fees in the amount of **$5,500.00**.

I further recommend that the district judge **DENY** Plaintiff's request for costs of $150.00 which was the *pro hac vice* fee paid by Plaintiff's lawyer (Doc. 14; Doc. 26 at 4). *Pro hac vice* fees are counsel's expense, not the client's, and are therefore not recoverable under 28 U.S.C. § 1920(1) as "fees of the clerk." See, e.g., Buccellati Holding Italia SPA v. Laura Buccellati LLC, 2015 WL 11202358, at *7 (S.D. Fla. Mar. 10, 2015) (citing Hernandez v. Motorola Mobility, Inc., 2013 WL 4773263, at *5 (S.D. Fla. Sept. 4, 2013)); Lane v. Accredited Collection Agency Inc., 2014 WL 1685677, at *10 (M.D. Fla. Apr. 28, 2014). In addition, the cost of the admission of an out-of-state lawyer does not appear reasonably necessary to appeal a denial of Plaintiff's Social Security benefits. As such, Plaintiff's request for costs associated with her counsel's *pro hac vice* appearance should be denied.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

RECOMMENDED in Orlando, Florida on March 27, 2020.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record